UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEWITT ASSOCIATES, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 cv 3634 |
| v. ) | |
| ) | Judge Der-Yeghiayan |
| ENRON CREDITORS RECOVERY CORP., f/k/a ) | |
| ENRON CORP., an Oregon Corporation, ) | Magistrate Judge Cole |
| ) | |
| Defendant. ) | |

**DEFENDANT ENRON CREDITORS RECOVERY CORP.'S
MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant, Enron Creditors Recovery Corp., formerly known as Enron Corp. ("Enron"), by its attorneys, respectfully moves pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Southern District of Texas, Houston Division. Enron states as follows in support of its Motion:

1. Plaintiff Hewitt Associates, L.L.C. ("Hewitt") seeks a declaratory judgment concerning its purported entitlement to indemnification under an Administrative Services Agreement for events that occurred in Texas and a lawsuit pending in Texas federal court. Hewitt seeks a declaration that Enron must indemnify it against losses arising out of Hewitt's own admitted "mistake" in performing duties and responsibilities it undertook almost two years ago under court order as the "Fund Administrator" of settlement proceeds in consolidated ERISA class action styled *Tittle v. Enron Corp.*, Case No. H-01-3913 (the "*Tittle* Litigation"), pending before the Honorable Melinda Harmon in the Southern District of Texas. Certain settlement proceeds were allocated by Hewitt on behalf of the Enron Corp. Savings Plan ("Savings Plan") among the class claimants in the *Tittle* Litigation ("Claimants") pursuant to an allocation plan

approved by Judge Harmon.

2. Hewitt's mistake has resulted in the misallocation of nearly $22 million, or approximately 25% of the total funds distributed to the Claimants. In November 2007, the Savings Plan and Administrative Committee of the Savings Plan ("Administrative Committee") filed suit against Hewitt seeking recovery of their damages incurred as a result of Hewitt's misallocation (the "Administrative Committee Action"). Within days of the filing, the Administrative Committee Action was consolidated with the *Tittle* Litigation before Judge Harmon on the Court's own initiative.

3. Judge Harmon has retained "continuing jurisdiction over: (a) implementation of the Settlement; (b) any award or distribution of the Settlement Trust, including interest earned thereon; and (c) all other proceedings related to the implementation and enforcement of the terms of the Agreement."

4. Hewitt has appeared before Judge Harmon after its misallocation of *Tittle* Litigation settlement proceeds came to light. Judge Harmon held Hewitt "acted as Fund Administrator pursuant to, and as defined in, the Allocation Plan" in the underlying *Tittle* Litigation.

5. On June 13, 2008, Enron filed a Complaint for Declaratory Relief against Hewitt in the Southern District of Texas (the "Enron Action"). In its Complaint, Enron seeks a declaration that the ASA does not apply to the Hewitt allocation services rendered in conjunction with the Allocation Plan entered by Judge Harmon; that Enron is not obligated to indemnify Hewitt for any losses purportedly incurred relating to Hewitt's allocation services; that Enron is not obligated to pay Hewitt any portion of the unrecovered balance of Hewitt's loan to the Savings Plan; and that Enron is not obligated to defend Hewitt in the Administrative Committee

Action or any other action initiated against Hewitt relating to its allocation services.

6. For the reasons set forth herein, and in the Memorandum of Law submitted concurrently herewith, Enron moves this Court to transfer this action to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a).

7. Venue and jurisdiction are proper in this district and in the Southern District of Texas. The Southern District of Texas has been presiding and exercising jurisdiction over the *Tittle* Litigation, the settlement funds and the Allocation Plan involved here for years. Virtually every relevant fact occurred in that District and virtually every relevant witness is subject to jurisdiction in that District. Transfer of this action to the Southern District of Texas will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

WHEREFORE, Defendant Enron Creditors Recovery Corp. requests that this Court grant their Motion and transfer this case to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a), and award such other and further relief as the Court deems just.

Dated: June 26, 2008

                        Respectfully submitted,

                        ENRON CREDITORS RECOVERY CORP.

                        By:  /s/ Peter G. Rush
                                  One of its Attorneys

Peter G. Rush
Paul J. Walsen
Dawn L. Johnson
Sara E. Robinson
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, IL  60602
(312) 372-1121