UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEWITT ASSOCIATES, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 cv 3634 |
| v. ) | |
| ) | Judge Der-Yeghiayan |
| ENRON CREDITORS RECOVERY CORP., f/k/a ) | |
| ENRON CORP., an Oregon Corporation, ) | Magistrate Judge Cole |
| ) | |
| Defendant. ) | |

**DEFENDANT ENRON CREDITORS RECOVERY CORP.'S
MOTION TO QUASH HEWITT-ISSUED DISCOVERY
REQUESTS AND FOR ENTRY OF PROTECTIVE ORDER**

Defendant, Enron Creditors Recovery Corp., formerly known as Enron Corp. ("Enron"), by its attorneys, respectfully requests that the Court enter an order quashing Hewitt Associates, L.L.C.'s First Set of Requests for Production of Documents and Hewitt Associates, L.L.C.'s First Set of Requests for Admission based on Hewitt Associates, L.L.C.'s ("Hewitt") failure to comply with Federal Rule of Civil Procedure 26(d), and for entry of a protective order precluding Hewitt from seeking discovery prior to the parties' Rule 26(f) conference. In support of its motion, Enron states as follows:

1.  Hewitt initially filed its Complaint for Declaratory Judgment in this matter in the Circuit Court of Lake County, Illinois. Enron was served with served with the Complaint and summons on June 9, 2008. On June 25, 2008, Enron timely removed this action to this Court.

2.  Hewitt's Complaint seeks declaratory relief finding that Enron is obligated to indemnify Hewitt for alleged losses it purportedly incurred as a result of Hewitt's failure to correctly allocate certain settlement proceeds (the "Settlement Fund") to class claimants in a consolidated class action lawsuit stemming from Enron's collapse in late 2001. The consolidated

455565/E/1

class action (the "*Tittle* Litigation") was brought on behalf of current and former Enron employees in the United States District Court for the Southern District Texas against Enron and a number of other defendants.

3.　　As claims against the various defendants in the *Tittle* Litigation settled, the presiding judge, Honorable Melinda J. Harmon, approved the settlements, and entered orders of judgment, but explicitly retained jurisdiction over implementation of the settlements, including distribution of settlement proceeds in accordance with the Court-approved calculation methodology. The Settlement Fund at issue involves proceeds from one such settlement.

4.　　Hewitt's Complaint further seeks a declaration that Enron is obligated to defend Hewitt in a lawsuit brought by the Enron Corp. Savings Plan (the "Plan") and the Administrative Committee of the Enron Corp. Savings Plan (the "Administrative Committee Action") in November 2007 seeking to recover from Hewitt losses suffered by the Plan as a result of Hewitt's misallocation of the *Tittle* Litigation Settlement Fund. The Administrative Committee Action was brought in the United States District Court for the Southern District of Texas and was promptly consolidated, *sua sponte*, with the *Tittle* Litigation pending before Judge Harmon.

5.　　On June 13, 2008, Enron filed a Complaint for Declaratory Relief in the United States District Court for the Southern District of Texas (the "Enron Action"), where the already pending and consolidated *Tittle* Litigation and Administrative Committee Action were pending, seeking a declaration that it is *not* obligated to indemnify or defend Hewitt for any purported losses stemming from Hewitt's misallocation of the Settlement Fund. Again, Judge Harmon promptly entered an order, *sua sponte*, consolidating the Enron Action with the *Tittle* Litigation.

6.　　In the Administrative Committee Action, the Plan and the Administrative Committee have alleged that Hewitt contracted with the Administrative Committee (and not

Enron) to perform the allocation services in the *Tittle* Litigation. In contrast, Hewitt's Complaint asserts that it performed the allocation services pursuant to a services contract it entered into with Enron in 2001 (the "APA"), which, Hewitt alleges, provide for its requested indemnification and defense.

7. On June 26, 2008, Enron filed a motion to transfer this action to the Southern District of Texas to be consolidated with the *Tittle* Litigation, the Administrative Committee Action and the Enron Action.

8. On July 2, 2008, counsel for Hewitt contacted counsel for Enron to discuss availability for scheduling a Rule 26(f) conference. Enron's counsel responded on July 3, 2008, suggesting that, given the similar nature of these proceedings to the Enron Action as well as the pendency of Enron's motion to transfer this case to the Southern District of Texas for consolidation with the *Tittle* Litigation, the Administrative Committee Action and the Enron Action, a Rule 26(f) conference governing only this case may be inefficient and premature. Enron's counsel proposed that if the parties were to proceed with such a conference, the conference should encompass both the Enron Action in the Southern District of Texas and Hewitt's action pending in this Court. Hewitt's counsel responded by reiterating a request for dates to convene a conference in this action only, without addressing Enron's proposal to address both cases jointly. A copy of the foregoing email correspondence is attached hereto as Exhibit 1.

9. Rather than making any further effort to schedule a mutually agreeable Rule 26(f) conference, Hewitt instead unilaterally elected to serve Enron with its First Set of Requests for Production of Documents and First Set of Requests for Admission on July 11, 2008, despite the fact that the parties had indisputably not held the requisite Rule 26(f) conference.

10.     In light of the fact that the parties had not yet held their Rule 26(f) conference, Enron made a written request to Hewitt that it withdraw its premature discovery requests so that court action could be avoided.  A copy of Enron's letter dated July 15, 2008 is attached hereto as Exhibit 2.  On July 16, 2008, the undersigned counsel for Enron attempted to contact Hewitt's counsel by phone and left a message requesting that Hewitt withdraw the discovery and requesting a return call to discuss in an effort to resolve this dispute without court action.  Shortly thereafter, Enron's counsel received a letter from Hewitt's counsel refusing to withdraw the requested discovery.  A copy of Hewitt's July 16, 2008 correspondence is attached hereto as Exhibit 3.

11.     The Federal Rules of Civil Procedure are clear on when parties may begin to issue discovery.  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rule, by stipulation, or by court order."  Fed. R. Civ. P. 26(d).

> By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f).  Rule 26(d)'s proscription sweeps broadly:  not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f) conference.

*In re Flash Memory Atnitrust Litigation*, No. C 07-0086 SBA, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008) (internal citations omitted), quoting *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498-99 (S.D. Tex. 2005).

12.     Rule 26(d)'s prohibition on discovery prior to Rule 26(f) conference applies both to requests for production of documents, Fed. R. Civ. P. 34(b); *see also Viasystems Techs. Corp., L.L.C. v. Forest City Commercial Dev., Inc.*, No. 4:08-CV-124 CAS, 2008 WL 619382, at *1 (E.D. Mo. Mar. 5, 2008), and to requests for admission, Fed. R. Civ. P. 36(a); *see also Bush v.*

*City of Dallas*, No. 3:95-CV-1057-D, 1997 WL 135654, at *1 (N.D. Tex. Mar. 14, 1997). Furthermore, the fact that this case comes before the Court on removal does not alter the applicability of Rule 26(d). *Riley*, 233 F.R.D. at 497 ("Several categories of cases are exempted from the rule, but there is no exemption for removed cases.").

13. Because Hewitt unilaterally elected to serve discovery, rather than complying with the provisions of the Federal Rules and proceeding *after* a Rule 26(f) conference, Hewitt's First Set of Requests for Production of Documents and First Set of Requests for Admission should be quashed. *See*, *e.g.*, *Lamar v. Hammel*, No. 08-02-MJR-CJP, 2008 WL 370697, at *2 (S.D. Ill. Feb. 11, 2008) ("Rule 26(d)(1) states that a party may not seek discovery from any source before the Rule 26(f) discovery conference"); *Viasystems Techs. Corp.*, 2008 WL 619382, at *1 (granting defendant's motion for protective order as to written discovery requests and deposition notice served prior to parties' completion of Rule 26(f) conference where defendant's requests to plaintiff to withdraw subject discovery were ignored); *In re Flash Memory Antitrust Litigation*, 2008 WL 62278, at *4 (denying plaintiff's request for discovery and production of documents prior to the parties' completion of a Rule 26(f) conference); *United States v. Momence Meadows Nursing Ctr.*, No. 04-2289, 2007 WL 685693, at *5 (C.D. Ill. Mar. 2, 2007) (granting defendant's motion for protective order and motion to quash subpoena issued prior to parties' completion of a Rule 26(f) conference); *Brennan Law Firm, P.C. v. Norfolk S. Railway, Co.*, No. 05-CV-742-DRH, 2005 U.S. Dist. LEXIS 33241, at *7 (S.D. Ill. Dec. 9, 2005) (quashing notice of deposition issued prior to 26(f) conference, explaining "discovery is not permitted prior to the scheduling and discovery conference").

WHEREFORE, Defendant Enron Creditors Recovery Corp. respectfully requests that Court enter an order quashing Hewitt Associates, L.L.C.'s First Set of Requests for Production of

Documents and Hewitt Associates, L.L.C.'s First Set of Requests for Admission served on Enron on July 11, 2008 and precluding Hewitt from seeking discovery prior to the parties' Rule 26(f) conference, and awarding Enron such other and further relief as the Court deems appropriate.

Dated: July 16, 2008

          Respectfully submitted,

          ENRON CREDITORS RECOVERY CORP.

          By:     /s/ Dawn L. Johnson
                One of its Attorneys

Peter G. Rush
Paul J. Walsen
Dawn L. Johnson
Sara E. Robinson
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
(312) 372-1121

## Johnson, Dawn L.

**From:** Altschul, Mark J [MAltschul@mwe.com]
**Sent:** Thursday, July 03, 2008 4:58 PM
**To:** Johnson, Dawn L.
**Cc:** Rush, Peter; Chefitz, Joel; Kasten, Steve; john.strasburger@weil.com; casasg@gtlaw.com
**Subject:** RE: Hewitt Associates L.L.C. v. Enron Creditors Recovery Corp., Case No. 08-cv-3634

Dawn-Thanks for your message. While we've exchanged several phone messages this afternoon, I want to respond to your email ahead of the holiday.

The docket does not reflect a preliminary scheduling conference, but the lack of such a scheduled conference did not preclude the Plan's counsel and Hewitt's counsel from conducting a similar Rule 26(f) conference in the Plan's lawsuit. The Plan's counsel and Hewitt's counsel conducted their Rule 26(f) conference relatively quickly after the Plan proposed dates for a conference. Nor does the lack of a scheduled conference preclude the occurrence of such a conference here, and we would hope that you would be able to meet by telephone on one of the dates I proposed in yesterday's message to you. I do not believe that conducting the conference would be a waste of resources as the conference can be conducted efficiently by telephone.

Regarding the suggestion that this lawsuit is soon to be transferred to the S.D. Tex., we will know the outcome of Enron's motion to transfer after the parties brief the motion and when the court enters its ruling on the motion.

We will be responding separately to Enron's proposal that Hewitt be styled the plaintiff in the consolidated action in Houston.

Again, please let us know your availability on July 9, 10, or 11 by telephone.

Thank you-Mark

**From:** Johnson, Dawn L. [mailto:DJohnson@bellboyd.com]
**Sent:** Thursday, July 03, 2008 12:04 PM
**To:** Altschul, Mark J
**Cc:** Rush, Peter; Chefitz, Joel; Kasten, Steve; john.strasburger@weil.com; casasg@gtlaw.com
**Subject:** RE: Hewitt Associates L.L.C. v. Enron Creditors Recovery Corp., Case No. 08-cv-3634

   Mark,

   Thanks for your email.

**Dawn L. Johnson** | **Bell, Boyd & Lloyd LLP**
70 W. Madison St., Ste. 3100 | Chicago, IL 60602-4207
t. 312-807-4309 | f. 312-827-7061
djohnson@bellboyd.com | www.bellboyd.com

The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any further disclosure or use, dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you think that you have received this e-mail message in error, please delete it and notify Dawn L. Johnson (djohnson@bellboyd.com). If this message contains advice with respect to a Federal tax matter, in accordance with the Treasury Department's Circular 230 such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding any Federal tax penalties.

One question: Has the Court set a date for the preliminary scheduling conference? If not, it would seem imprudent and likely a waste of resources to conduct such a conference at this juncture. In light of Judge Harmon's consolidation of the Plan's action against Hewitt and Enron's action against Hewitt with the underlying Tittle action, as well as Enron's pending motion to transfer, I have little doubt that this case is soon to follow. For purposes of efficiency, any conference should address both the Enron action in Houston and the Hewitt action in Chicago and therefore should include all attorneys. Also, please respond to the proposal made to Hewitt to allow it to be styled the plaintiff in the consolidated action in Houston.

Regards,

Dawn

-----Original Message-----
From: Altschul, Mark J [mailto:MAltschul@mwe.com]
Sent: Wednesday, July 02, 2008 5:46 PM
To: Johnson, Dawn L.
Cc: Rush, Peter; Chefitz, Joel; Kasten, Steve
Subject: Hewitt Associates L.L.C. v. Enron Creditors Recovery Corp., Case No. 08-cv-3634

Dawn-Following up on my voicemessage to you, please let me know your availability for a Rule 26(f) conference by telephone in the above referenced matter next week. I would propose July 9, 10, or 11. Please let me know if any of those dates are convenient for you.

Thank you.

Mark Altschul
McDermott Will & Emery LLP
227 W. Monroe
Chicago, IL 60606
Phone:  312-984-7626
Fax:  312-984-7700
maltschul@mwe.com

*******************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*******************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.



# BELL BOYD
BELL, BOYD & LLOYD LLP

70 West Madison Street, Suite 3100
Chicago, Illinois 60602
312.372.1121 • Fax 312.827.8000

DAWN L. JOHNSON
312.807.4309
djohnson@bellboyd.com
Direct Fax: 312.827.7061

July 15, 2008

**VIA EMAIL & U.S. MAIL**
Mark J. Altschul
McDermott Will & Emery
227 West Monroe Street
Chicago, Illinois 60606-5096

Re:  *Hewitt Associates, L.L.C. v. Enron Creditors Recovery Corp.*, No. 08-cv-3634

Dear Mr. Altschul:

We are in receipt of the discovery requests you served on Friday evening in the above-referenced matter. These requests are wholly improper.

As an initial matter, we must correct your assertion that Enron has "refused" to participate in a Rule 26(f) conference. Rather, in response to your inquiry about holding a Rule 26(f) conference, Enron suggested, for purposes of efficiency, that any such conference should also address *Enron Creditors Recovery Corp. v. Hewitt Associates, L.L.C.*, pending in the Southern District of Texas, and that the parties' respective counsel in both proceedings be included, as the two cases involve the same issues. You have chosen to simply ignore this request.

As I have stated previously, no date for a preliminary conference has been set in the proceedings in the Northern District of Illinois. However, a preliminary conference *has* been scheduled in the action pending in the Southern District of Texas (although we note that the conference was scheduled by Judge Lake before the case was consolidated into *Tittle*, and Judge Harmon may enter her own scheduling order resetting the preliminary conference). Therefore, Enron will agree to adopt and abide by, in the Northern District of Illinois, whatever discovery plan the parties agree to in the action pending in the Southern District Texas. In the face of a scheduled preliminary conference in Texas, this course seems most practical and efficient. John Strasburger will call Greg Casas to arrange for the Rule 26(f) conference. This will satisfy whatever need for discovery that Hewitt believes it may have.

As for Hewitt's First Set of Requests for Production of Documents and First Set of Requests for Admission, I presume you are aware that service of such discovery is not in accord with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d). If you have not

Mark J. Altschul
July 15, 2008
Page 2

withdrawn these requests by the close of business today, we will have to seek relief from the Court.

Very truly yours,

Dawn L. Johnson

DXJ:dxj

Copies to   John B. Strasburger
            Peter G. Rush
            Joel G. Chevitz
            Steven Kasten
            Gregory Casas

455444/E/1

# McDermott Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Mark J. Altschul
Associate
maltschul@mwe.com
312.984.7626

July 16, 2008

VIA E-MAIL

Dawn L. Johnson
Bell, Boyd & Lloyd LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602

Re: Hewitt Associates, L.L.C. v. Enron Creditors Recovery Corporation
Case No. 08-CV-3634

Dear Dawn:

I am responding to your July 15 letter. In short, service of Hewitt's discovery was proper. In good faith, we sought to schedule and conduct a Rule 26(f) conference by telephone with you at a time that was as soon as practicable for both parties. Your unresponsiveness to our last request for the scheduling of a conference was improper under the rules.

Specifically, on July 2 I left you a voice message requesting that Enron and Hewitt schedule a Rule 26(f) conference. Later that day, I emailed you requesting your availability on July 9, 10, or 11 to conduct such a conference by telephone. You responded by email on July 3 that a Rule 26(f) conference was "likely a waste of resources" given the posture of the lawsuit. That same day, I replied that while Judge Der-Yeghiayan had yet to schedule a preliminary scheduling conference, the lack of such a scheduled conference did not preclude counsel from conducting a Rule 26(f) conference. In fact, Rule 26(f) requires that "parties *must confer as soon as practicable*—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." (emphasis added). I again requested that you provide your availability for a conference by telephone on July 9, 10, or 11. You did not respond. Having not heard from you by July 11, we then served Hewitt's First Set of Requests for Production of Documents and First Set of Requests for Admission. I did not hear back from you again until I received your July 15 letter.

Your suggestion that the parties defer to Enron's lawsuit pending in the Southern District of Texas for the scheduling of a Rule 26(f) conference is curious. Judge Harmon transferred and consolidated Enron's lawsuit on June 18, 2008. It is unlikely that Judge Harmon will keep the scheduling conference previously set by Judge Lake. The likely reality is that Judge Harmon will set a date for her own scheduling conference. Accordingly, the lawsuits pending in the

Dawn L. Johnson
July 16, 2008
Page 2


Northern District of Illinois and the Southern District of Texas do not currently have a scheduling conference set. Given these circumstances, your refusal to engage in a Rule 26(f) conference on any of the three days suggested, or to propose alternative days, was even more unreasonable.

Finally, Hewitt will not withdraw its First Set of Requests for Production of Documents or its First Set of Requests for Admission.

Sincerely,

*[signature]*

Mark J. Altschul


cc:  John B. Strasburger
     Peter G. Rush
     Joel G. Chefitz
     Steven Kasten
     Gregory Casas

CHI99 5004859-1.058123.0020

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused true and correct copies of the foregoing **Defendant Enron Creditors Recovery Corp.'s Motion to Quash Hewitt-Issued Discovery Requests and for Entry of Protective Order** to be served upon:

>Joel G. Chefitz (jchefitz@mwe.com)
>Mark J. Alschul (maltschul@mwe.com)
>McDermott Will & Emery LLP
>227 West Monroe Street
>Chicago, Illinois  60606

via the U.S. District Court for the Northern District of Illinois' CM/ECF Electronic Document Filing System, this 16th day of July, 2008.

>/s/ Dawn L. Johnson
>Dawn L. Johnson

455612/E/1