UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEWITT ASSOCIATES, L.L.C., ) | |
| ) | |
| Plaintiff, ) | No. 08 cv 3634 |
| ) | |
| v. ) | Judge Samuel Der-Yeghiayan |
| ) | |
| ENRON CREDITORS RECOVERY CORP., f/k/a ) | Magistrate Judge Cole |
| ENRON CORP., an OREGON Corporation ) | |
| ) | |
| Defendant, ) | |

**PLAINTIFF HEWITT ASSOCIATES, L.L.C.'S OPPOSITION
TO DEFENDANT ENRON CREDITOR RECOVERY CORP.'S
MOTION TO QUASH AND FOR ENTRY OF PROTECTIVE ORDER**

Enron refused repeated requests to confer over discovery under Rule 26(f). Yet Enron now has the audacity to contend that its own refusal to participate in a Rule 26(f) conference permits it to evade its discovery obligations. Enron's excuse for refusing to confer was that this Court has not yet set a scheduling conference under Rule 16. But nothing in Rule 26(f) permits such obstructionism. To the contrary, Rule 26(f) mandates that "parties *must confer as soon as practicable*—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." (Emphasis added.) Enron's motion to quash should be denied.

More than three weeks after Enron Creditors Recovery Corp., formerly known as Enron (Enron) was served with Hewitt Associates, L.L.C.'s Complaint for Declaratory Judgment, Hewitt's counsel contacted Enron's counsel to propose dates for a conference under Fed. R. Civ. P. 26(f). Hewitt proposed several dates for counsel to conduct a Rule 26(f) conference by telephone. After an email exchange, Enron's counsel ignored Hewitt's request for their availability for a Rule 26(f) conference. Despite having walked away from its obligation to

confer as soon as practicable pursuant to Rule 26(f), Enron now requests the Court to quash Hewitt's discovery and to enter a protective order.

Hewitt proceeded precisely as the Rule requires. On July 2, Hewitt's counsel contacted Enron's counsel, requesting that Enron and Hewitt schedule a Rule 26(f) conference on July 9, 10, or 11. Enron's counsel responded by email on July 3 that a Rule 26(f) conference was "likely a waste of resources" since the Court had yet to schedule a preliminary scheduling conference. Hewitt's counsel responded that the lack of such a scheduled Rule 16 conference did not preclude counsel from conferring first under Rule 26(f) and again requested that Enron counsel's availability for a conference by telephone on July 9, 10, or 11. Enron's counsel did not respond to this request. Enron Ex. 1.

Having heard nothing from Enron by July 11, Hewitt served Enron with Hewitt's First Set of Requests for Production of Documents and First Set of Requests for Admission. On July 15, Enron responded not by belatedly agreeing to confer but by demanding that Hewitt withdraw its discovery requests, which Hewitt declined to do. Enron Exs. 2-3. While Fed. R. Civ. P. 26(d) prohibits a party from seeking discovery before parties have conferred under Rule 26(f), Hewitt repeatedly requested such a conference. It sought to conduct a scheduling conference at a time that was as soon as practicable—one month after Enron was served with Hewitt's complaint. It takes two parties to confer under Rule 26(f). Enron rebuffed Hewitt's request, and only then did Hewitt serve its discovery.

A defendant is not permitted to veto any discovery in a case simply because it does not wish to engage opposing counsel in carrying out a mandated process under the discovery rules. Enron apparently wants the words "parties *must confer as soon as practicable*" excised from Rule 26(f). Its reading of the Rule would permit a defendant to sit back, do nothing, and

unilaterally delay the commencement of discovery.  But that approach runs afoul of the Rule's plain language, which makes clear that such a posture is not sanctioned.  Courts do not "countenance such a delay for the sole sake of delay." *See, e.g., OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 303 (N.D.N.Y. 2006).

The suggestion that the parties cannot confer under Rule 26(f) in this case unless the conference encompasses both this lawsuit and Enron's mirror image lawsuit for declaratory judgment against Hewitt, pending in the Southern District of Texas, is a red herring.  The issues to be addressed in Enron's mirror image lawsuit pending in Houston are the same ones to be addressed in this lawsuit—whether Hewitt is entitled to enforce its liability limits set forth in the parties' Administrative Services Agreement (ASA) and to be indemnified by Enron under the ASA.  All Enron did in its mirror suit was change the wording to reflect that it was the party seeking the declaratory judgment.  Any discovery relevant to Hewitt's lawsuit would necessarily be relevant to Enron's lawsuit.  Further, unlike Hewitt, which has filed a motion to dismiss Enron's lawsuit, Enron has *not* moved to dismiss Hewitt's lawsuit.

Enron's legal authority does not support its position that a party may refuse repeated requests to confer under a Rule 26(f) and then veto properly served discovery.  *See, e.g., Viasystems Techs. Corp., LLC v. Forest City Commercial Dev., Inc.*, No. 4:08-cv-124, 2008 WL 619382 (E.D. Mo. Mar. 5, 2008) (granting motion for protective order when there was no indication that one party sought to conduct a Rule 26(f) conference); *Lamar v. Hammel*, 08-02-MJR-CJP, 2008 WL 3700697, at *1 (S.D. Ill. Feb. 11, 2008) (addressing situation where plaintiff sought discovery before effecting service of amended complaint on any of the defendants); *In re Flash Memory Antitrust Litigation*, No. 07-0086, 2008 WL 62278, at *4-5 (N.D. Cal. Jan. 4, 2008) (denying request for pre-complaint discovery when no operative complaint was on file and

when it was unclear what parties would be named to lawsuit); *United States v. Momence Meadows Nursing Ctr., Inc.*, No. 04-2289, 2007 WL 685693, at *5 (C.D. Ill. Mar. 2 2007) (deciding motion for protective order without any mention that one party ignored request to conduct Rule 26(f) conference); *Brennan Law Firm, P.C. v. Norfolk So. Ry., Co.*, No. 05-cv-742, 2005 U.S. Dist. LEXIS 33241, at *7 (S.D. Ill. Dec. 9, 2005) (deciding motion to quash deposition notice absent any discussion of parties' attempt to conduct Rule 26(f) conference); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005) (describing impact of written discovery served prior to removal of lawsuit to federal court); *Bush v. City of Dallas*, No. 3:95-cv-1057-D, 1997 WL 135654 (N.D. Tex. Mar. 14, 1997) (deciding motion for protective order without any mention that one party ignored request to conduct Rule 26(f) conference).

In sum, Enron has cited, and we are aware of, no legal authority permitting a party to ignore Rule 26(f)'s explicit language that "parties must confer as soon as practicable." The Court should reject Enron's position that it can simply disregard Hewitt's repeated requests to confer and then, based on its own obstructionism, evade its discovery obligations. Enron's motion to quash and for protective order must be denied.

Dated: July 21, 2008                    Respectfully submitted,

                                                    **HEWITT ASSOCIATES, L.L.C.**


                                                    By:    s/Mark J. Altschul
                                                          One of Its Attorneys

Joel G. Chefitz
Mark J. Altschul
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

- 5 -

Steven W. Kasten
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109
Telephone: (617) 535-4000

CHI99 5005894-2.058123.0020

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that he caused true and correct copies of the foregoing Plaintiff Hewitt Associates, L.L.C.'s Opposition to Defendant Enron Creditor Recovery Corp.'s Motion to Quash and for Entry of Protective Order to be served upon:

Peter G. Rush
Dawn L. Johnson
Bell, Boyd & Lloyd LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602

via the U.S. District Court for the Northern District of Illinois' CM/ECF Electronic Document Filing System, this 21st day of July, 2008.

                                                  s/Mark J. Altschul
                                                    Mark J. Altschul