**EXHIBIT 11**



- Inmate Locator
- Visiting - General Info
  - Visiting Hours
  - Who Can Visit?
  - Background Checks
  - Business Visits
  - Special Circumstances
  - Visiting Room Procedures
  - Conjugal Visits
- Locate Inmates Released Before 1982
- Who is a "Federal" Inmate?

Printer Friendly Version

**Related Documents**

- Admission & Orientation Program
- Inmate Legal Activities Policy
- Release of Information Policy
- Telephone Regulations
- Victim & Witness Notification Program
- Visiting Regulations
- Visitor Information Form

## Inmate Locator

Locate a Federal Inmate
(includes all inmates from 1982 to present)

| Name | Register Number | Age | Race | Sex | Release Date Actual / Projected | Location |
|---|---|---|---|---|---|---|
| 1. CHRISTIAN DEEB RAHAIM | 66218-179 | 39 | White | M | 01-07-2012 | FORREST CITY FCI |

New Search    FAQs    Privacy

Results 1 - 1 of 1

Home | About | Inmate Locator | Prison Facilities | Careers
Inmate Matters | Policy / Forms | Doing Business | News / Information
Accessibility | Browser Requirements | Contact Us | Disclaimer |
DOJ Legal Policies | Privacy Policy | Search | Site Map

JUDGE _DAVID HITTNER_

CASE MANAGER _ELLEN ALEXANDER_   RPTR/~~TAPE~~ _Johnny Sanchez_

USPO _Gail Winkler_   INTERPRETER _N/A_

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**FILED**
_4/19/07_
MICHAEL N. MILBY, CLERK
BY DEPUTY _?. [signature]_

TIME _11:30_ | _11:50_ A.M. | | P.M.     DATE _4/19/07_
     begin    end           begin   end

CR. NO. _H-06-378_     DEFT. NO. _01_

UNITED STATES OF AMERICA                   §  _Jimmy Sledge_  AUSA
vs.                                        §
_Christian Deeb Rahaim_                    §  _Mark Bennett_  [R] CJA

## SENTENCING

☑ ksen.        Sentencing held. ☑ Guilty plea  ☐ Guilty verdict  on _12/15/06_, Cts. _1_

☐ ksen.        Sentencing held **with contested issues**.

☑ ...          SENTENCE: _custody of the Bureau of Prisons for a term of 63 months as to Count 1. Supervised Release for a term of 3 years. Restitution in the amount of $2,983,230.00. Fine is waived._

_Objections are overruled + PSR + all addendums are adopted by the Court_

~~$50~~ $100.00 special assessment on Counts _1_

☐ ...          Time to serve.

☐ kdismcntgv.  Counts _____ dismissed on government's motion.

☐ kosurr.      Deft ordered to surrender to U.S. Marshal on _____.

☑ ...          Deft ordered to surrender to institution when designated.

☐ kcphrg.      Change of plea hearing, deft withdraws plea of guilty. (kpstr.).

☐ kjytrl.      Jury trial set for _____ at _____.

☐ ko.(bnd.).   Deft bond ☐ set  ☐ reduced to $_____  ☐ Cash ☐ Surety ☐ 10% ☐ PR.

☐ ...          Deft failed to appear, bench warrant to issue.

☑ ...          Deft bond ☑ continued  ☐ forfeited.

☐ ...          Deft remanded to custody.

☑ ...          Terminate other settings for this deft.   ☑ Terminate motions for this deft.
               OTHER PROCEEDINGS: _____

Copy to:   USPO

AO 245B (Rev. 08/05) Judgment in a Criminal Case
Sheet 1

# United States District Court
## Southern District of Texas
### Holding Session in Houston

| United States of America | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **CHRISTIAN DEEB RAHAIM** | |

CASE NUMBER: **4:06CR00378-001**

USM NUMBER: 66218-179

Mark William Bennett
Defendant's Attorney

☐ See Additional Aliases.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 on December 15, 2006

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire fraud | 11/01/2005 | 1 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 19, 2007
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

**DAVID HITTNER**
<u>UNITED STATES DISTRICT JUDGE</u>
Name and Title of Judge

4/26/07
Date

GW | JAG

AO 245B  (Rev. 08/05) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: CHRISTIAN DEEB RAHAIM
CASE NUMBER: 4:06CR00378-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of     63 months.
This term consists of SIXTY-THREE (63) MONTHS as to Count 1.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to a facility as close to his family residing in El Dorado, Arkansas, as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☒ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 08/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment — Page 3 of 6

DEFENDANT: CHRISTIAN DEEB RAHAIM
CASE NUMBER: 4:06CR00378-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years.
 This term consists of THREE (3) YEARS as to Count 1.

☐ See Additional Supervised Release Terms.

 The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

  ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

 If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

 The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
             Sheet 3C -- Supervised Release

Judgment -- Page 4 of 6

DEFENDANT: **CHRISTIAN DEEB RAHAIM**
CASE NUMBER: **4:06CR00378-001**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant is prohibited from employment or acting in a fiduciary role during the term of supervision.

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
             Sheet 5 — Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT:   CHRISTIAN DEEB RAHAIM
CASE NUMBER:   4:06CR00378-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100 |  | $2,983,230 |

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Enron Creditor Recovery Corp. |  | $2,983,230 |  |

☐ See Additional Restitution Payees.

| **TOTALS** | $ 0.00 | $ 2,983,230.00 |

☒ Restitution amount ordered pursuant to plea agreement $ 2,983,230 _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine   ☐ restitution.

    ☐ the interest requirement for the  ☐ fine   ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 08/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: **CHRISTIAN DEEB RAHAIM**
CASE NUMBER: **4:06CR00378-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☒ Lump sum payment of $ __100__ due immediately, balance due
  ☐ not later than _____, or
  ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after the date of this judgment; or

D ☐ Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
  Make all payments payable to: U.S. District Clerk, Attn: Finance, P.O. Box 61010, Houston, TX 77208.

  Balance due in installments of 50% of any wages earned while in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any balance remaining after release from imprisonment shall be due in equal monthly installments of not less than $200 over a period of 34 months to commence 60 days after release from imprisonment to a term of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**                    **Total Amount**      **Joint and Several Amount**      **Corresponding Payee, if appropriate**

☐ See Additional Defendants and Co-Defendants Held Joint and Several.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
  As set forth in the order of forfeiture executed by this Court on April 19, 2007.
  The Court orders the net seizure of assets be forwarded to the victim in this case, Enron Creditor Recovery Corp. In accordance with 18 U.S.C. § 3663A (Mandatory Restitution) which is intended to make the victim whole, any amount restored to Enron Creditor Recovery Corp., under forfeiture will be credited against the restitution order.

☐ See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.