**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HEWITT ASSOCIATES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 cv 3634 |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| ENRON CREDITORS RECOVERY CORP., f/k/a | ) | |
| ENRON CORP., an Oregon Corporation, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ENRON CREDITORS RECOVERY CORP.'S**
**REPLY IN SUPPORT OF ITS MOTION TO QUASH HEWITT-ISSUED**
**DISCOVERY REQUESTS AND FOR ENTRY OF PROTECTIVE ORDER**

Defendant, Enron Creditors Recovery Corp., formerly known as Enron Corp. ("Enron"), by its attorneys, respectfully submits the following reply in further support of Defendant Enron Creditors Recovery Corp.'s Motion to Quash Hewitt-Issued Discovery Requests and for Entry of Protective Order.

In response to Enron's Motion to Quash, Hewitt claims that "Enron refused repeated requests to confer over discovery under Rule 26(f)" during a nine day period that included the Fourth of July weekend and insists, without any supporting basis, that it was somehow entitled to proceed with issuing discovery despite its acknowledgement that the parties *have not* participated in a Rule 26(f) conference. The Federal Rules of Civil Procedure expressly prohibit Hewitt's conduct here in unilaterally proceeding to serve discovery prior to the Rule 26(f) conference. Hewitt's Response attempts to cloud this straightforward and controlling proscription by casting Enron's communications regarding a 26(f) conference as a purported "refusal" to participate in such a conference. Both Hewitt's factual assertion that Enron "refused" to participate in a Rule

26(f) conference and Hewitt's legal position that it was entitled to serve discovery as result are meritless.

Irrespective of whether Hewitt genuinely believes Enron "refused" its request to participate in a Rule 26(f) conference, the Federal Rules do not authorize Hewitt to simply go ahead and serve its discovery. As Rule 26(d)(1) makes clear, Hewitt had two options for obtaining leave to serve early discovery—it could have sought Enron's agreement and proceeded by stipulation, or it could have sought relief from the Court and proceeded pursuant to court order. Hewitt has done neither. In fact, in the sole case upon which Hewitt relies, *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 301 (N.D.N.Y. 2006), the plaintiff *was seeking leave of court* to proceed with discovery prior to the parties' Rule 26(f) conference. Moreover, as *OMG Fidelity* makes clear, a party seeking leave to proceed with early discovery must demonstrate, at a minimum, some reasonable need for doing so, which Hewitt simply cannot demonstrate. *See id.* at 303 (further noting that the required showing could rise to the level of demonstrating a likelihood of success on the merits similar to that required for issuance of a preliminary injunction). *OMG Fidelity* in no way supports Hewitt's election to simply ignore the requirements of Rule 26.

Furthermore, Hewitt's recitation of the events leading to its improper service of discovery is inaccurate and its Response omits a letter counsel for Hewitt received three days before Hewitt filed its Response with this Court. In its Response, Hewitt states that its counsel contacted Enron's counsel to propose dates for a Rule 26(f) more than three weeks after Enron was served with the complaint. However, Hewitt ignores the fact that it filed its complaint in state court and the parties were under no obligation to conduct a Rule 26(f) until Enron removed the case to this Court on June 25, 2008. A mere week after removal, and two days before the Fourth of July

weekend, Hewitt's counsel contacted Enron's counsel demanding a Rule 26(f) conference the following week. (*See* Enron Mot. to Quash Ex. 1.) Counsel for Enron promptly responded and a number of communications occurred notwithstanding the holiday.

Hewitt's sudden urgency to schedule a Rule 26(f) conference and proceed with discovery only in the Northern District of Illinois can be explained by the fact that Enron had previously (on June 26, 2008) moved to transfer these proceedings to the Southern District of Texas where several long-pending related cases are being litigated. Subsequent events have demonstrated Hewitt has no legitimate response to that Motion to Transfer. One of the Texas cases is a mirror claim for declaratory relief brought by Enron against Hewitt (the "Enron Action"). As such, both cases will involve the exact same discovery. Tellingly, although identical discovery is available to Hewitt in the Enron Action, which was actually pending in federal court (with the attendant Rule 26(f) obligations imposed upon Hewitt) several weeks *before* the above-captioned case arrived in federal court, Hewitt made no attempt to initiate a Rule 26(f) conference to proceed with discovery in the Enron Action. Enron has agreed to engage in a Rule 26(f) conference in the Enron Action and hopes to complete that conference this week to allow the parties to commence discovery in that Court post-haste. (*See* August 5, 2008 Correspondence, attached hereto as Exhibit A.)

In light of the procedural posture of these proceedings—namely, the existence of two mirror cases in two separate forums and a pending motion to transfer these proceedings to the Southern District of Texas—Enron responded to Hewitt's July 2, 2008 demand the following day, commenting that a conference seemed premature, particularly in light of the fact that no preliminary conference had yet been scheduled in the Northern District of Illinois. (*See* Enron Mot. to Quash Ex. 1.) However, Enron further suggested that if Hewitt sincerely wanted to

proceed with a Rule 26(f) conference without knowing in which court the case would ultimately proceed, the most practicable approach would be to involve the parties' lawyers in both actions and hold a joint Rule 26(f) conference to address a discovery plan that would be implemented in whichever case ultimately proceeded. (*Id.*) Hewitt completely ignored this common-sense proposal, and late in the day on July 3rd, Hewitt sent an email woodenly reiterating its demand for a Rule 26(f) conference in only the Northern District of Illinois action, the one subject to a pending motion to transfer. (*Id.*) On the following Friday, without any pretense of having conducted the requisite Rule 26(f) conference, Hewitt served Enron with requests to admit and requests for the production of documents in the Northern District of Illinois. Based on the foregoing events, Hewitt now claims that Enron "refused repeated requests" for a Rule 26(f) conference.

After receiving Hewitt's discovery, Enron again contacted Hewitt offering to adopt, in these proceedings, whatever discovery plan was agreed upon in the Enron Action. (Enron Mot. to Quash Ex. 2.) A preliminary conference *had* been scheduled in the Enron Action, which had been pending in federal court longer than these proceedings. (*Id.*) Enron further requested that Hewitt withdraw its discovery requests in light of Rule 26(d)'s proscriptions. (*Id.*) Hewitt refused to withdraw its discovery, conjectured that the scheduled preliminary conference in the Enron Action might be changed, and completely ignored Enron's proposal to adopt in this case the discovery plan entered into in the Enron Action. (*See* Enron Mot. to Quash Ex. 3.)

On July 18, 2008, Enron's counsel in the Enron Action wrote Hewitt's counsel in the Enron Action and suggested that the parties conduct a Rule 26(f) conference during the week of July 28, 2008. (*See* July 18, 2008 Correspondence, attached hereto as Exhibit B.) Counsel for Hewitt in this action received a copy of this letter by facsimile on July 18, 2008. Three days

later, the same counsel for Hewitt filed a Response to the Motion to Quash and stated as fact that Enron was refusing to engage in any Rule 26(f) conference. In that Response, however, Hewitt failed to attach Enron's letter from three days earlier, much less disclose the communication to this Court.

At the hearing on July 22, 2008, Hewitt requested that the Court authorize the parties to proceed with a Rule 26(f) conference in this action in the Northern District of Illinois. In response, the Court instructed the parties: "We're not going to have the Rule 26 conference yet." (7/22/08 Tr. of Proceedings, attached hereto as Exhibit C, at 4.) Following the initial hearing on Enron's Motion to Quash on July 22, 2008, Enron's undersigned counsel suggested that Hewitt have Greg Casas, its counsel in the Enron Action, respond to the July 18, 2008 letter (Ex. B) with some dates. Thereafter, the parties' counsel in Texas exchanged some correspondence including dates. In that correspondence, counsel for Enron noted that in light of this Court's instruction, the Rule 26(f) conference would occur only with respect to the pending action in Houston. (*See* July 29, 2008 Correspondence, attached hereto as Exhibit D.) On Friday evening, August 1, 2008, counsel for Hewitt in Chicago wrote the undersigned, again renewing his efforts to schedule a Rule 26(f) conference including the above captioned matter and demanding that such conference occur the following week. (*See* August 1, 2008 Correspondence, attached hereto as Exhibit E.) On August 5, 2008, counsel for Enron responded, declining to defy this Court's instruction, but nevertheless providing Hewitt with two days this week to conduct a Rule 26(f) conference in the Enron Action. Assuming this schedule works, the parties will be in a position to commence discovery in the Enron Action.

Hewitt has systematically ignored the existence of the Enron Action and instead self-servingly characterizes any Enron proposal for a Rule 26(f) conference that involves the Enron

Action as a "refusal" to participate in such a conference.  A cynic might conclude that Hewitt has no sincere interest in moving discovery forward, but rather in manufacturing artificial activity in this forum in the hopes of defeating the prior pending motion to transfer these proceedings to the Southern District of Texas.  Fortunately, the Federal Rules do not allow such machinations.

Hewitt's Response suggests that Rule 26(f)'s direction to parties to participate in a conference "as soon as practicable" requires the parties to hold such a conference almost immediately after the case is initiated and, apparently, without regard to the procedural posture of the case.[1]   Hewitt provides no authority for its draconian interpretation of the Rule, nor does Hewitt's proffered interpretation make sense in these circumstances.  While both parties obviously have their own view on the more appropriate forum for this case, the simple fact is that there are two currently pending actions that are duplicative in substance and should proceed only in one of the two forums.

There is no basis for Hewitt's unilateral election to dispense with the requirements of the applicable Federal Rules of Civil Procedure and propound discovery on Enron.  Accordingly, Hewitt Associates, L.L.C.'s First Set of Requests for Production of Documents and Hewitt Associates, L.L.C.'s First Set of Requests for Admission served on Enron on July 11, 2008 should be quashed and Hewitt should be precluded from further attempts to initiate discovery in defiance of the Federal Rules.

WHEREFORE, Defendant Enron Creditors Recovery Corp. respectfully requests that that its Motion to Quash Hewitt-Issued Discovery and for Entry of a Protective Order be granted,

---

[1]    Hewitt's suggestion that its motion to dismiss the Enron Action, based upon its purported "first-filed" action pending before this Court, places that case in a different posture than this one—where Enron *immediately moved to transfer* this case to be consolidated with the Enron Action—is absurd.  Both parties' motions are designed to secure a single forum for litigation of the issues raised in their respective complaints for declaratory relief.

that the Court enter an order quashing Hewitt Associates, L.L.C.'s First Set of Requests for

Production of Documents and Hewitt Associates, L.L.C.'s First Set of Requests for Admission

served on Enron on July 11, 2008 and precluding Hewitt from seeking discovery prior to the

parties' Rule 26(f) conference, and that the Court award Enron such other and further relief as

the Court deems appropriate.

Dated: August 6, 2008

<div style="margin-left: 45%;">

Respectfully submitted,

ENRON CREDITORS RECOVERY CORP.

By: _____/s/  Peter G. Rush_____
       One of its Attorneys

</div>

Peter G. Rush
Paul J. Walsen
Dawn L. Johnson
Sara E. Robinson
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, IL  60602
(312) 372-1121

# EXHIBIT A



# BELL BOYD
## BELL, BOYD & LLOYD LLP

70 West Madison Street, Suite 3100
Chicago, Illinois 60602
312.372.1121 • Fax 312.827.8000

PETER G. RUSH
312.807.4352
prush@bellboyd.com
Direct Fax: 312.827.8005

August 5, 2008

**BY EMAIL AND FIRST CLASS MAIL**

Mark J. Altschul
McDermott Will & Emery
227 West Monroe Street
Chicago, Illinois  60606-5096

**Re:**    *Hewitt Associates, L.L.C. v. Enron Creditors Recovery Corp.*, No. 08-cv-3634

Dear Mark:

Thank you for your letter last Friday evening, August 1, 2008.  You appear to be operating under a mistaken set of facts.

On July 22, 2008, you asked Judge Der-Yeghiayan if the parties could proceed with a Rule 26(f) conference in the above-captioned case.  Judge Der-Yeghiayan instructed the parties, including Hewitt, that "[w]e're not going to have the Rule 26 conference yet."  I attach a courtesy copy of the transcript for your edification.  Please make no mistake, Enron Creditors Recovery Corporation ("Enron") will have no part in defying Judge Der-Yeghiayan's instruction.    As a consequence, absent further order from Judge Der-Yeghian, Enron respectfully declines Hewitt's requests that Enron participate in a Rule 26(f) conference in the above-captioned matter.

After the hearing on July 22, 2008, operating under the belief Hewitt had a sincere interest in commencing discovery, I told you to have Greg Casas in Houston respond to the July 18, 2008 letter of John Strasburger with some dates for a Rule 26(f) conference in the Houston action.  From your August 1, 2008 letter, I understand that Hewitt insists that such a conference occur this week.  To accommodate Hewitt's demand, I have conferred with John Strasburger, and he is available for such a conference on Thursday or Friday of this week, August 7 and August 8.  Please have Greg contact John to arrange for a mutually convenient time for the conference.  As you are aware, I am on vacation this week with my wife and five children.  As a result, I will not be in a position to participate.  On behalf of Enron, John can complete the conference and reach all necessary agreements in order that the parties may promptly commence all necessary discovery in the Houston action.

Mark J. Altschul
August 5, 2008
Page 2


   In the event Judge Der-Yeghiayan elects to proceed with the above-captioned matter here in the Northern District, Enron will abide by any commitments and/or schedules John Strasburger makes with Greg Casas. You, of course, are welcome to participate in this week's Rule 26(f) conference in the Houston action.


                                   Sincerely yours,

                                   *Peter G. Rush* /ɒ

                                   Peter G. Rush


PGR/mqn

cc (via email):    John B. Strasburger, Esq.
                   Gregory J. Casas, Esq.

# EXHIBIT B

# WEIL, GOTSHAL & MANGES LLP

## FAX COVER PAGE

700 Louisiana, Suite 1600, Houston, TX  77002

Main Phone: (713) 546-5000
Main Fax: (713) 224-9511
Telex: 462014

**TOTAL PAGES:** **2**

(including this page)

**DATE:** July 18, 2008

**PLEASE SEND:**
☐ IMMEDIATELY  ☑ ASAP
**SENDER'S DIRECT DIAL:**
(713) 546-5102

**FROM:**  John B. Strasburger

**EMAIL:**  john.strasburger@weil.com

| PLEASE DELIVER TO: | FAX NUMBER: | PHONE NUMBER: |
|---|---|---|
| 1. Gregory J. Casas | 713.374.3505 | 713.374.3561 |
| 2. Peter G. Rush | 312.827.8005 | 312.807.4352 |
| 3. Joel G. Chefitz | 312.984-7700 | 312.372.2000 |
| 4. Mark J. Altschul | 312.984-7700 | 312.372.2000 |

**COMMENTS:**

---

If you do not receive legible copies of all pages, please contact the Telecopy Department at (713) 546-5153 or the Sender.

**ATTY. NO.:** 0300    **CLIENT/MATTER NO.:** 43889.0003    **ROOM NO.:**    **PREPARED BY:** Brenda Winfree

**TRANSMITTED BY:** _____  **DATE:** 7/  /    **COMPLETED TIME:** _____  ☐ AM  ☐ PM

**RECEIVED**

The information in this facsimile message is confidential information intended only for use of the individual or entity name above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the postal service.  Thank You.

**REFERENCE #**

**TO**

HO1:\361989\01\7RB9011.DOC\43889.0003

# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA

SUITE 1600

HOUSTON, TEXAS 77002

(713) 546-5000

FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

July 18, 2008

JOHN B. STRASBURGER
DIRECT LINE (713) 546-5102
E-MAIL: john.strasburger@weil.com

**_Via Facsimile (713) 374-3505_**
Mr. Gregory J. Casas
Greenberg Traurig LLP
1000 Louisiana St., Suite 1800
Houston, Texas  77002

Re:     C.A. No. H-01-3913 (Consolidated); *Pamela M. Tittle, et al., v. Enron Corp., et al.*; In the United States District Court for the Southern District of Texas, Houston Division

Case No. 4:08-CV-01894 (Consolidated); *Enron Creditors Recovery Corp., f/k/a Enron Corp v. Hewitt Associates, LLC*; In the United States District Court for the Southern District of Texas, Houston Division

Dear Greg:

I would like to set up a Rule 26(f) conference.  I am traveling next week, but have availability the week of July 28, so let's try to set something then if that works.  I look forward to hearing from you.

Sincerely,

John B. Strasburger
*Counsel for Enron Creditors Recovery Corp.*

JBS:bww

cc:     Mr. Peter G. Rush – *Via Facsimile (312) 827-8005*
Mr. Joel G. Chefitz – *Via Facsimile (312) 984-7700*
Mr. Mark J. Altschul – *Via Facsimile (312) 984-7700*

# EXHIBIT C

```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   HEWITT ASSOCIATES, LLC,          )  Docket No. 08 C 3634
                                      )
 4            Plaintiff,              )
                                      )  Chicago, Illinois
 5            vs.                     )  July 22, 2008
                                      )  9:00 o'clock a.m.
 6   ENRON CREDITORS RECOVERY CORP.   )
     an Oregon Corporation, formerly  )
 7   known as Enron Corp.,            )
                                      )
 8            Defendant.              )

 9

10            TRANSCRIPT OF PROCEEDINGS - Motion
           BEFORE THE HONORABLE SAMUEL DER-YEGHIAYAN
11

12   APPEARANCES:
     For the Plaintiff:      McDERMOTT WILL & EMERY LLP
13                           BY:  MR. MARK JACOB ALTSCHUL
                             227 West Monroe Street
14                           Suite 4400
                             Chicago, Illinois  60606
15

16   For the Defendant:      BELL BOYD & LLOYD LLC
                             BY:  MR. PETER G. RUSH
17                                MR. DAWN L. JOHNSON
                             70 West Madison Street
18                           Suite 3100
                             Chicago, Illinois  60602
19

20

21

22
                     LAURA LACIEN, CSR, RMR, FCRR
23                      Official Court Reporter
                 219 South Dearborn Street, Suite 1902
24                      Chicago, Illinois  60604
                           (312) 408-5032
25
```

1          (The following proceedings were had in open court:)

2               COURTROOM DEPUTY:  08 C 3634, Hewitt Associates

3     versus Enron.

4               MR. ALTSCHUL:  Good morning, your Honor.  Mark

5     Altschul on behalf of plaintiff Hewitt Associates.

6               THE COURT:  Good morning.

7               MR. RUSH:  Good morning, your Honor.  Peter Rush and

8     Dawn Johnson on behalf of Enron Creditors Recovery

9     Corporation.

10              THE COURT:  Okay.  I'm going to ask Ms. Johnson to

11    identify herself individually.

12              MS. JOHNSON:  Dawn Johnson on behalf of the

13    defendant Enron.

14              THE COURT:  Thank you.

15              I have defendant's motion to transfer case and

16    plaintiffs have filed an opposition, correct?

17              MR. ALTSCHUL:  That's correct, your Honor.

18              THE COURT:  And defendant's motion to quash and for

19    entry of protective order.

20              And then there was a motion for extension of answer

21    or otherwise pleading which was entered and continued by

22    another judge, emergency judge, in my absence.

23              MR. RUSH:  It was an agreed order filed with respect

24    to that but you're correct.

25              THE COURT:  It was entered and continued.

1          MR. ALTSCHUL:  That's correct.

2          MR. RUSH:  Right.

3          THE COURT:  Okay.  As to the defendant's motion to

4    transfer case, plaintiff has filed an opposition.  Is

5    defendant wanting to file a reply?

6          MR. RUSH:  We would like to, your Honor.

7          THE COURT:  How much time?

8          MR. RUSH:  And we would like until August 8th.

9          THE COURT:  You will have until August 8 to file a

10   reply.

11         MR. RUSH:  That's correct, your Honor.

12         THE COURT:  As for defendant's motion for entry of

13   protective order, plaintiff?

14         MR. ALTSCHUL:  We have filed an opposition brief

15   yesterday, your Honor.

16         THE COURT:  And you'll file the reply for that also?

17         MR. RUSH:  We'll be glad to, your Honor.

18         THE COURT:  By August 8?

19         MR. RUSH:  Yes.

20         THE COURT:  Okay.  And I will enter and continue the

21   answer pleading dates until after I see the motions to

22   transfer and reply briefs.

23         MR. RUSH:  Yes, your Honor.

24         One other point.  With respect to the discovery that

25   was served, it did include a request for admission.  We would

1  ask that the dates be extended until the Court decides the

2  motion to quash, that we be given a time to respond.

3          THE COURT:  Yeah.  I will stay that also.  I will

4  set a date of August 21st as the next status hearing.  I'll

5  rule after I receive the replies and by August 21st -- the

6  replies are due August 8th.  I'll make a decision by August

7  21st at the status hearing.  And on that date, if warranted,

8  I'll decide the dates for the answer and pleading.

9          MR. ALTSCHUL:  Thank you, your Honor.

10          One other point, if I may.  Your Honor has set an

11  August 21st status hearing.  Can the parties proceed with the

12  Rule 26(f) conference 21 days prior to the -- at least 21

13  days prior to the status hearing on the 21st?

14          THE COURT:  Okay.  That's like next weekend you're

15  talking about.

16          MR. RUSH:  Your Honor, if you don't know the

17  background of this case, this case was removed from state

18  court.  There are three actions pending.

19          THE COURT:  I'm familiar.

20          MR. RUSH:  We've added that the Rule 26 --

21          THE COURT:  We're not going to have the Rule 26

22  conference yet.

23          MR. RUSH:  Thank you, your Honor.

24          MR. ALTSCHUL:  Thank you, your Honor.

25          THE COURT:  Thank you.

1      (Which concluded the proceedings in the above-entitled

2   matter.)

3                   C E R T I F I C A T E

4      I hereby certify that the foregoing is a transcript

5   of proceedings before the Honorable Samuel Der-Yeghiayan on

6   July 22, 2008.

7   DATED:   July 29, 2008.

8                             by:    s/ Laura LaCien

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D



**WEIL, GOTSHAL & MANGES** LLP

700 Louisiana, Suite 1600, Houston, TX 77002

# FAX COVER PAGE

Main Phone: (713) 546-5000
Main Fax: (713) 224-9511
Telex: 462014

**TOTAL PAGES:** **2**

(including this page)

**DATE:** July 29, 2008

**PLEASE SEND:**
☐ IMMEDIATELY ☑ ASAP
**SENDER'S DIRECT DIAL:**
(713) 546-5102

**FROM:** John B. Strasburger

**EMAIL:** john.strasburger@weil.com

| PLEASE DELIVER TO: | FAX NUMBER: | PHONE NUMBER: |
|---|---|---|
| 1. Gregory J. Casas | 713.374.3505 | 713.374.3561 |
| 2. Peter G. Rush | 312.827.8005 | 312.807.4352 |
| 3. Joel G. Chefitz | 312.984-7700 | 312.372.2000 |
| 4. Mark J. Altschul | 312.984-7700 | 312.372.2000 |

**COMMENTS:**

If you do not receive legible copies of all pages, please contact the Telecopy Department at (713) 546-5153 or the Sender.

**ATTY. NO.:** 0300    **CLIENT/MATTER NO.:**    43889.0003    **ROOM NO.:**    **PREPARED BY:** Brenda Winfree

**TRANSMITTED BY:** _____    **DATE:** _____    **COMPLETED TIME:** _____    ☐AM ☐PM

**RECEIVED**

The information in this facsimile message is confidential information intended only for use of the individual or entity name above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the postal service. Thank You.

**REFERENCE #**

**TO**

HO1:\361989\01\7RB901!.DOC\43889.0003

JUL-29-2008  14:04    WEIL GOTSHAL & MANGES LLP                    7132249511      P.02/02

# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

July 29, 2008

JOHN B. STRASBURGER
DIRECT LINE (713) 546-5102
E-MAIL: john.strasburger@weil.com

*Via Facsimile (713) 374-3505*
Mr. Gregory J. Casas
Greenberg Traurig LLP
1000 Louisiana St., Suite 1800
Houston, Texas  77002

Re:    C.A. No. H-01-3913 (Consolidated); *Pamela M. Tittle, et al., v. Enron Corp., et al.*; In the United States District Court for the Southern District of Texas, Houston Division

Case No. 4:08-CV-01894 (Consolidated); *Enron Creditors Recovery Corp., f/k/a Enron Corp v. Hewitt Associates, LLC*; In the United States District Court for the Southern District of Texas, Houston Division

Dear Greg:

Thanks for your letter of July 25. As we understand the rulings of the Court in the Illinois case, we believe the parties were instructed to defer a Rule 26(f) conference in that case. We have ordered the transcript to confirm our understanding. To get this process started, we suggest that the parties conduct the conference in the context of the Houston case, with the understanding that the agreements reached in the Houston case conference, and the discovery that takes place in the Houston case, will apply in the Illinois case at the appropriate time (and assuming the Illinois case goes forward).

Regarding the dates, we are now not able to participate in a conference on July 30 at 2:00 p.m. as you suggested, and I have learned of some scheduling issues later this week, and also for the week of August 4 due to vacations. Are you available for a conference on August 12 or August 13?

Sincerely,

John B. Strasburger
*Counsel for Enron Creditors Recovery Corp.*

JBS:bww

cc:    Mr. Peter G. Rush – *Via Facsimile (312) 827-8005*
Mr. Joel G. Chefitz – *Via Facsimile (312) 984-7700*
Mr. Mark J. Altschul – *Via Facsimile (312) 984-7700*

HO1:\363075\03\7S5F03!.DOC\43889.0003

TOTAL P.02

# EXHIBIT E

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

**FACSIMILE**

| | | | |
|---|---|---|---|
| **Date:** August 1, 2008 | | **Time Sent:** | |

| | | | |
|---|---|---|---|
| | **Company:** | **Facsimile No:** | **Telephone No:** |
| **To:** Peter G. Rush | Bell, Boyd & Lloyd, LLP | 312.827.8005 | 312.807.4352 |

| | | | |
|---|---|---|---|
| **From:** | Mark J. Altschul | *Direct Phone:* | 312.984.7626 |
| *E-Mail:* | maltschul@mwe.com | *Direct Fax:* | 312.984.7700 |
| *Sent By:* | Karen Boos | *Direct Phone:* | 312.984.2132 |
| *Client/Matter/Tkpr:* | 058123-0020-06387 | *Original to Follow by Mail:* | No |
| | | *Number of Pages, Including Cover:* | 3 |

**Re:**

**Message:**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original message to us at the below address by mail. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL KAREN BOOS AT 312.984.2132 AS SOON AS POSSIBLE.**

Main Facsimile: 312.984.7700    *Facsimile Assistance:* Outgoing Faxes: 312.984.2147; Incoming Faxes: 312.984.2134

**U.S. practice conducted through McDermott Will & Emery LLP.**
227 West Monroe Street    Chicago, Illinois 60606-5096    Telephone: 312.372.2000

CHI99 5011855-1.058123.0020

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Mark J. Altschul
Associate
maltschul@mwe.com
312.984.7626

August 1, 2008

BY FAX

Peter G. Rush, Esq.
Bell, Boyd & Lloyd LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602

Re:   Hewitt Associates, L.L.C. v. Enron Creditors Recovery Corp., No. 08-cv-3634

Dear Peter:

I am writing in my continuing attempt to confer with Enron's counsel over discovery and to
determine if Enron is reneging from the proposal it communicated to the Court and me.

In Enron's Motion to Quash and for Entry of a Protective Order, Enron stated that it had
proposed expanding a Rule 26(f) discovery conference between counsel in Hewitt's Illinois
lawsuit to encompass also Enron's Texas lawsuit. After the presentation hearing on the Motion
to Quash, you made that proposal directly to me and asked Hewitt to respond. Greg Casas's
July 25, 2008 letter to John Strasburger confirmed Hewitt's agreement to your suggested
approach. Mr. Casas's letter also proposed that the parties' discovery requests and responses in
one case apply in the other case.

Yet Mr. Strasburger's July 29, 2008 response to Mr. Casas refuses on behalf of Enron to
participate in a discovery conference encompassing both the Illinois and Texas lawsuits. He
suggests that Enron and Hewitt confer over the Houston case only and that the discovery in the
Houston case will apply to the Illinois case. Mr. Strasburger, having previously proposed a
discovery conference for the week of July 28, also states that he is now unavailable to confer
until August 12 at the earliest. Perhaps coincidentally, that would delay any conference until
after Enron's replies in this case are due on August 8.

I do not understand why Enron is backing off of its own proposal, other than perhaps to delay
progress of this case and to manufacture a dispute over the timing of responses to the discovery
we have served. If Enron's Houston counsel refuses to join in a combined conference that would
encompass the Illinois case, I am yet again requesting that Enron's Illinois counsel confer with
us over discovery in the Illinois case as soon as possible. This approach is consistent with the
plain language of Rule 26(f)—that the parties confer as soon as practicable. We are available to
confer by telephone the week of August 4 and look forward to hearing your availability.

Peter G. Rush
August 1, 2008
Page 2


If Enron is still unwilling to confer over discovery, I request that you provide a copy of this letter
to the Court with your August 8 reply on your motion to quash.

Sincerely,

Mark J. Altschul

cc:    John B. Strasburger
       Gregory J. Casas
       Joel G. Chefitz
       Steven W. Kasten


CHI99 5010935-3.058123.0020

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused true and correct copies of

the foregoing **Defendant Enron Creditors Recovery Corp.'s Reply in Support of Its Motion**

**to Quash Hewitt-Issued Discovery Requests and for Entry of Protective Order** to be served

upon:

> Joel G. Chefitz (jchefitz@mwe.com)
> Mark J. Alschul (maltschul@mwe.com)
> McDermott Will & Emery LLP
> 227 West Monroe Street
> Chicago, Illinois  60606

via the U.S. District Court for the Northern District of Illinois' CM/ECF Electronic Document

Filing System, this 6th day of August, 2008.



                    /s/ Peter G. Rush
                    Peter G. Rush