FILED
AUGUST 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEWITT ASSOCIATES, L.L.C., | ) |
| Plaintiff, | ) No. 08 cv 3634 |
| v. | ) Judge Samuel Der-Yeghiayan |
| ENRON CREDITORS RECOVERY CORP., f/k/a ENRON CORP., an OREGON Corporation | ) Magistrate Judge Cole |
| Defendant, | ) |

**PLAINTIFF HEWITT ASSOCIATES, L.L.C.'S SUR-REPLY IN OPPOSITION TO DEFENDANT ENRON CREDITOR RECOVERY CORP.'S <u>MOTION TO QUASH AND FOR ENTRY OF PROTECTIVE ORDER</u>**

Enron has yet to provide the Court with authority excusing Enron from its obligation to meet with Hewitt's counsel as soon as practicable to discuss discovery issues. Even after Hewitt agreed to Enron's proposal that the two parties confer on discovery issues related to both the Illinois lawsuit and the Texas lawsuit, Enron reneged on its own proposal to meet jointly to discuss discovery. Enron's about-face is yet another attempt to delay its response to outstanding discovery requests. And its position runs afoul of Rule 26's plain language—that "parties must confer as soon as practicable."

Enron's Reply failed to attach Hewitt counsel's July 25, 2008 correspondence, which plainly stated Hewitt's agreement to Enron's previous suggestion that the parties' lawyers jointly meet and confer to discuss discovery issues related to both cases. (Ex. A-1.) Hewitt's counsel also proposed that the parties' discovery requests and responses in one case should apply to the other case. This approach was entirely consistent with Enron's prior suggestion. (Reply at 4.) Despite Hewitt's agreement to Enron's approach, Enron's counsel rejected Hewitt's agreement on July 29. (Reply Ex. D.) Enron based its rejection, in part, on statements made during the

Court's July 22 motion presentation hearing. While the Court stated that "[w]e're not going to have the Rule 26 conference yet," Rule 26 directs litigants to meet and discuss discovery issues among themselves as soon as practicable, without calling for any hearing or other participation by the Court. (Reply Ex. C.)

Enron's argument that Hewitt's "sudden urgency to schedule a Rule 26(f) conference" is somehow related to Enron's Motion to Transfer is yet another red herring. Nothing cynical can be inferred from Hewitt's conduct. Enron's counsel is well aware that Illinois state court rules do not permit discovery prior to the time that a defendant has appeared in a lawsuit. Since Enron did not appear in state court prior to removal, Hewitt could not serve discovery. Hewitt immediately initiated the discovery process upon removal so that it could seek facts supporting its claim that it is entitled to enforce the liability limits expressly set forth in the parties' Administrative Services Agreement (ASA) and to be indemnified by Enron under the ASA. This record demonstrates that Hewitt is merely abiding by the plain language of Rule 26(f). Enron's motives in refusing to engage Hewitt in a conversation regarding discovery is a true cause for cynicism.

Enron's conduct in avoiding a conference among counsel to discuss discovery issues should not be rewarded by granting the Motion. Its latest refusal to participate in a joint conference among lawyers in Texas and Illinois that it initially proposed is just the latest proof that Enron's motive is to erect a barrier in front of discovery rather than to engage in a meet and confer under Rule 26. Enron's Motion to Quash should be denied, and Enron should be compelled to respond to the outstanding discovery requests forthwith.

Dated: August 6, 2008                    Respectfully submitted,

                                         **HEWITT ASSOCIATES, L.L.C.**


                                         By:   /s/Mark J. Altschul
                                                 One of Its Attorneys

Joel G. Chefitz
Mark J. Altschul
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Steven W. Kasten
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109
Telephone: (617) 535-4000


CHI99 5013241-2.058123.0020

# EXHIBIT A-1

# Greenberg Traurig

Gregory J. Casas
Tel. 713.374.3561
Fax 713.374.3505
casasg@gtlaw.com

July 25, 2008

*By facsimile 713-224-9511*

Mr. John B. Strasburger
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, Texas 77002

    Re:    Case No. 4:08-CV-01894 (Consolidated); *Enron Creditors Recovery Corp., f/k/a Enron Corp. v. Hewitt Associates, LLC*; In the United States District Court for the Southern District of Texas, Houston Division (the "Enron Lawsuit")

Dear John:

I have received your letter of July 18, 2008, regarding a Rule 26(f) conference in the case. At the hearing in Chicago on the 21st, Peter Rush suggested that we have a joint conference for both the Houston and the Chicago cases. We agree with that suggestion. Further, because the cases are identical, Hewitt proposes that the parties' discovery requests and responses in one case apply in the other case as well.

My schedule is fairly flexible next week. I suggest a joint conference call with Chicago counsel on Wednesday, July 30th at 2:00 p.m. central time to work through the joint case management plan issues. Please let me know whether you are available at that time.

Sincerely,

Gregory J. Casas

GJC:ae

cc:    Mr. Peter G. Rush    *By fax:* 312-827-8005
        Mr. Joel G. Chefitz    *By fax:* 312-984-7700
        Mr. Mark J. Altschul    *By fax:* 312-984-7700
        Mr. Steven W. Kasten    *By fax:* 617-535-3800

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

HOU 406,350,631v1 7-25-08

Greenberg Traurig, LLP | Attorneys at Law | 1000 Louisiana | Suite 1800 | Houston, TX 77002 | Tel 713.374.3500 | Fax 713.374.3505    www.gtlaw.com